**Ruth C. THEISS, Plaintiff/Respondent,**

v.

**BRANDYWINE CONDOMINIUM AS-SOCIATION, Defendant/Respondent, and Kone, Inc., Defendant/Appellant.**

**No. ED 86088.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 7, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 2006.

Application for Transfer Denied
May 30, 2006.

Douglas N. Ghertner, Kansas City, MO, for appellant.

Daniel J. McMichael, Chesterfield, MO, Scott C. Harper, Clayton, MO, for respondent.

Before Nannette A. Baker, P.J. and Robert G. Dowd, Jr. and Sherri B. Sullivan, JJ.

### ORDER

PER CURIAM.

KONE Inc. ("KONE") appeals from the judgment entered in favor of Ruth Theiss ("Theiss") and against KONE in the net sum of $297,000 on Theiss's negligence claim; and from the judgment entered in favor of Brandywine Condominium Association ("Brandywine") and against KONE on its court-tried cross-claim against Brandywine for contractual indemnity and breach of contract based upon the terms of its written elevator maintenance contract with Brandywine. KONE contends the trial court erred (1) in denying its motions for directed verdict and judgment notwithstanding the verdict because Theiss failed to make a submissible case on her claim for negligence, (2) in giving Instruction No. 10 because it was not supported by the evidence, misstated the law, misled and confused the jury, submitted a theory not pleaded by Theiss, and constituted an improper roving commission, and (3) in allowing the jury to review a redacted version of the contract contained in Exhibit 1–A. KONE also argues the trial court erred in entering judgment in favor of Brandywine on KONE's cross-claim because Brandywine had an enforceable obligation to indemnify KONE and Brandywine breached its contract with KONE by failing to maintain insurance coverage naming KONE as an additional insured.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. An opinion reciting the detailed facts and restating principles of law would have no precedential value nor serve any jurisprudential purpose. The parties have been

furnished with a memorandum for their information only, setting forth the reasons for this order. The judgment is affirmed in accordance with Rule 84.16(b).